IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-413 |
| | § | |
| NEAL UY LIM | § | (Civil Action No. H-13-2380) |

## **MEMORANDUM AND ORDER**

This criminal prosecution is before the Court on Defendant Neal Uy Lim's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 327]. Lim asserts that the Court wrongfully applied the Sentencing Guidelines by imposing an improper enhancement, that he received constitutionally ineffective assistance of counsel, and that his indictment was deficient because it did not contain essential facts. The United States filed a Response and Motion to Dismiss [Doc. # 333].

The Court carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the criminal proceedings in this case, and the application of governing legal authorities, the Court **grants** the United States' Motion to Dismiss, **denies** Lim's § 2255 Motion, and **dismisses** the corresponding civil action (No. H-13-2380) for reasons set forth below.

## I.     BACKGROUND

Lim was charged by Indictment [Doc. # 1] with one count of conspiracy to commit mail fraud, two counts of mail fraud, and four counts of possession of a counterfeit postage meter.  On February 8, 2011, following a five-day trial, the jury found Lim guilty on all counts.  *See* Verdict Form [Doc. # 156].

At the sentencing hearing on June 30, 2011, the Court determined that Lim's Total Offense Level was 35, and his Criminal History Category was I, resulting in an advisory guideline range between 168 and 210 months.  The Court sentenced Lim to a term of imprisonment of 168 months, followed by three years of supervised release, and ordered Lim to make restitution to the United States Postal Service in the amount of $16,000,000.00.  *See* Judgment in a Criminal Case [Doc. # 203].

Lim filed a timely Notice of Appeal.  The Fifth Court affirmed Lim's conviction and sentence.  *See United States v. Lim*, 500 F. App'x 323 (5th Cir. Dec. 12, 2012).  The Fifth Circuit held that Lim's conviction was supported by the evidence, that the prosecutor's challenged statements during closing argument were not improper, and that the Court's application of an enhancement based on Lim's role as a leader or organizer was supported by the evidence.  *See id.* at 325-327.

Lim filed his § 2255 Motion on August 14, 2013.  The § 2255 Motion has been fully briefed and is ripe for decision.

## II. STANDARD FOR § 2255 RELIEF

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Lim asserts that he is entitled to relief from his conviction and sentence because he was denied effective assistance of counsel at trial and at sentencing. Specifically, Lim asserts that his attorney failed to object to improper statements by the Prosecutor during closing argument and failed to object to a defective indictment.

### A.     Applicable Legal Standard

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial.  *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s]

emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. To establish ineffective assistance of counsel, defense counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Webster,* 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland,* 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (citations omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 566 U.S. at 690).

There is a "strong presumption" that defense counsel's challenged conduct "might be considered sound trial strategy." *Bell v. Cone*, 585 U.S. 685, 698 (2000).

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins*, 539 U.S. at 524; *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused." *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

**B.   Analysis**

Lim argues that he received constitutionally ineffective assistance of counsel when his attorney failed to object to the Prosecutor's statements during closing argument. Lim argues that the Prosecutor improperly vouched for the Government's witnesses, made misstatements about people losing their jobs, and attacked defense counsel's ethics and integrity. *See* Memorandum of Law in Support of § 2255 Motion [Doc. # 328], p. 4. Lim challenged these same three comments during his appeal, and the Fifth Circuit held that the comments were not improper. *See Lim*, 500 F. App'x at 325-26. Defense counsel's strategic decision not to object to comments that were

not legally objectionable was not deficient performance and, as a result, Lim's § 2255 claim on this issue is denied.

Lim argues also that his counsel was constitutionally ineffective for failing to object to the defective indictment. Lim maintains that the indictment was defective because it failed to allege the factual basis for the enhancements applied in calculating his Total Offense Level. In support of his position, Lim relies on the recent decision by the United States Supreme Court, *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Supreme Court in *Alleyne* held that facts that increase the mandatory minimum for an offense are elements of the offense and must be found by the jury. *See id.* at 2156. In this case, the enhancements did not increase a mandatory minimum and, instead, were sentencing factors that did not need to be included in the indictment.[1] Defense counsel's failure to object to the indictment because it did not contain the factual basis for the enhancements was not deficient performance for which § 2255 relief can be granted.

### IV.   SUBSTANTIVE CLAIMS

---

[1] The Fifth Circuit has declined to apply *Alleyne* to guideline sentences based on enhancements that do not increase the mandatory minimum sentence. *See U.S. v. St. Junius*, __ F.3d __, 2013 WL 5975027, *15, n.23 (5th Cir. 2013); *U.S. v. Neuner*, __ F. App'x __, 2013 WL 3456747, *3, n.3 (5th Cir. July 10, 2013). Additionally, the Fifth Circuit has held that *Alleyne* does not apply retroactively on collateral review. *See In re Kemper*, __ F.3d __, 2013 WL 5969009 (5th Cir. 2013).

### A. Court's Guideline Calculation

Lim argues that the Court improperly applied 26 levels of enhancements to calculate his sentencing guideline range. Specifically, Lim's Total Offense Level was calculated based on a 20-level enhancement for an alleged loss of $16,000,000.00, a 4-level enhancement for a leadership role, and a 2-level enhancement for manufacturing or producing counterfeit obligations of the United States.[2] Challenges to the Court's calculation and application of the sentencing guidelines are not cognizable under § 2255. *See U.S. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *U.S. v. Jones*, 329 F. App'x 573 (5th Cir. July 30, 2009). As a result, Lim is not entitled to § 2255 relief based on his challenge to the calculation of his Total Offense Level.

### B. Challenge to Sufficiency of Indictment

Lim asserts a substantive challenge to the indictment arguing, as he did in connection with the ineffective assistance of counsel claim, that the indictment was defective because it did not contain the factual basis for the enhancements. Because the indictment was not defective, the request for relief under § 2255 is denied.

Additionally, relief under § 2255 is available only where the indictment is deficient to the extent that it deprives the court of jurisdiction. *See U.S. v. Armstrong*,

---

[2] On appeal, Lim challenged the 4-level enhancement for his leadership role. The Fifth Circuit held that the enhancement was supported by the evidence at trial and that the Court did not err in applying the enhancement. *See Lim*, 500 F. App'x at 327.

951 F.2d 626, 628-29 (5th Cir. 1992). The alleged deficiency in this case, the failure to include facts used for sentencing enhancements, is not jurisdictional and does not provide a basis for § 2255 relief. *See Wesson v. U.S. Penitentiary Beaumont*, 305 F.3d 343, 346 (5th Cir. 2002). As a result, Lim's request for relief under § 2255 based on his argument that the indictment was defective is denied.

## V.     CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Lim's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Lim's constitutional claims debatable or wrong. Because the defendant does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## VI. <u>CONCLUSION AND ORDER</u>

Lim has failed to establish that he is entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that the United States' Motion to Dismiss [Doc. # 333] is **GRANTED**, Lim's motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255 [Doc. # 327] is **DENIED**, and the corresponding civil action (H-13-2380) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 21st day of **November, 2013**.

_____
Nancy F. Atlas
United States District Judge